IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Willie H. Hutchison, | ) | C/A No. 0:12-85-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| K-Mart Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Willie H. Hutchison ("Hutchison"), who is self-represented, filed a Complaint in the Court of Common Pleas in York County asserting retaliation and wrongful termination by his employer. Defendant K-Mart Corporation ("K-Mart") removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. §§ 1331 and 1332, and construing Hutchison's claims as arising, in part, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hutchison of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 14.) Hutchison filed a response in opposition (ECF No. 17) and K-Mart filed a reply (ECF No. 23). Having reviewed the parties' submissions and the applicable law, the court finds that K-Mart's motion should be granted because Hutchison's Title VII claims are untimely.

PJG

## BACKGROUND

Hutchison alleges that his employment was terminated in December 2008 in retaliation for a sexual harassment complaint that Hutchison filed against a female co-worker. He also alleges that he was terminated because he is African-American. (Compl., ECF No. 1-1 at 5-6.) Hutchison filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right-to-sue letter dated January 6, 2010. (ECF No. 17-1.) Hutchison filed this action in the Court of Common Pleas in York County on December 9, 2011. K-Mart removed the case to this court on January 9, 2012.

## DISCUSSION

K-Mart moved to dismiss Hutchison's Complaint, arguing that the court lacks subject matter jurisdiction in that the Complaint fails to allege that Hutchison filed a charge of discrimination with the EEOC or the South Carolina Human Affairs Commission and that the Complaint fails to allege the essential elements of either a claim for wrongful termination or for retaliation. (Def.'s Mem. Supp. Mot. Dismiss, ECF No. 13-1.) In his response in opposition, Hutchison asserts that he filed a claim with the EEOC and attaches his right-to-sue letter dated January 6, 2010. (ECF No. 17.) K-Mart filed a reply in which it additionally argues that Hutchison's Complaint should be dismissed as untimely.[1] (ECF No. 23.)

---

[1] With regard to the defendant's argument that Hutchison's Title VII claims are untimely, the court observes that such an assertion "is not an argument challenging the district court's subject matter jurisdiction to hear the claim." Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006). Therefore, this argument is properly reviewed under Rule 12(b)(6) rather than Rule 12(b)(1). See Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 613-14 (E.D.Va. 2011); Alexander v. City of Greensboro, No. 1:09-cv-934, 2011 WL 13857, at *7 (M.D.N.C. Jan. 4, 2011).



K-Mart correctly asserts that, under controlling statutes and Fourth Circuit precedent, Hutchison's federal claims are untimely. Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. See 42 U.S.C. § 2000e-5(e), (f). This limitations period has been strictly enforced in this circuit. See Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir. 1993) (finding a complaint was time barred when filed five days too late); Harvey v. New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987) (finding a complaint was time barred when filed one day too late).

Based on his own filing, Hutchison acknowledges that the right-to-sue letter was mailed to him on January 6, 2010. Pursuant to the federal statute, Hutchison was required to file his civil action in court no later than April 6, 2010 for it to be timely. Hutchison filed his lawsuit over twenty months late. In his response, Hutchison argues that his Complaint was timely filed pursuant to South Carolina state law. However, the statute cited by Hutchison, which establishes a three-year statute of limitations for "an action for assault, battery, or any injury to the person or rights of another," is inapplicable to his Title VII claim. See S.C. Code Ann. § 15-3-530(5).

Nor has Hutchison presented any argument justifying equitable tolling. Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987) (ADEA). Here, the parties do not dispute that the EEOC delivered the right-to-sue letter to the address provided by Hutchison. Nor does miscalculation of the proper

Page 3 of 5

PJG

deadline warrant equitable tolling. Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (declining to apply equitable tolling of the habeas corpus limitations period in a death penalty case where the petitioner's attorney miscalculated the deadline under the Anti-terrorism and Effective Death Penalty Act). Accordingly, Hutchison cannot meet any of the required elements for equitable tolling.

## RECOMMENDATION

Because Hutchison's Title VII claims are untimely under controlling law, the court recommends that the defendant's motion to dismiss (ECF No. 7) be granted, and that the court decline to exercise supplemental jurisdiction over any state law claims and remand this action to the York County Court of Common Pleas. See 28 U.S.C. § 1367(c)(3).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 3, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).