IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Willie H. Hutchinson, | ) | C/A NO. 0:12-cv-85-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| K-Mart Corporation, et. al., | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

Through this action, Plaintiff Willie H. Hutchinson ("Hutchinson") seeks recovery from his former employer, Defendant K-Mart Corporation ("K-Mart"), for alleged wrongful termination. Hutchinson, who is self-represented, alleges that he was terminated on December 10, 2008, either in retaliation for his earlier complaint of sexual harassment, or based on his race, African American, or for both reasons. The matter is before the court on K-Mart's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 13. For the reasons set forth below, the motion is granted and this action is dismissed with prejudice.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Gossett issued a Report on May 4, 2012, recommending that the motion to dismiss be granted to the extent Hutchinson was seeking relief under federal law (specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII")). Dkt. No. 27. She further recommended that any remaining state law claim(s) be

---

[1] The court uses the caption as reflected in the complaint. Despite the inclusion of "et al." and plural "Defendants," only one Defendant is named: K-Mart Corporation.

remanded to state court. An attachment to the Report advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Both parties filed timely objections.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

**I.    Hutchinson's Objection**

Hutchinson filed a timely objection asking the "Court to continue [his] complaint in a Civil Court in [its] entirety." Dkt. No. 31 at 1. The court construes this as an objection to dismissal of any claim which may be asserted in the complaint.

Hutchinson's objection includes references to the Fourteenth Amendment to the United States Constitution, and the rights to equal protection and due process guaranteed by that amendment.

Following these references, Hutchinson states that he has "hard evidence in the form of audio recordings of [K-Mart's agents] blatantly engaging in discriminatory acts against Plaintiff, all of which were stated in Plaintiff's complaint." Dkt. No. 31 at 2-3 (capitalization modified). Hutchinson argues that his "complaint should not be dismissed in [its] entirety in the York County . . . Court of Common Pleas where [he] initially filed [the] complaint in a timely manner." *Id.* at 3. He also includes what appears to be a quotation from an article regarding a *pro se* litigant's fundamental right to meaningful access to the court and quotations of 28 U.S.C. § 1367 (supplemental jurisdiction statute ) and Fed. R. Civ. P. 72(b)(3) (rule setting standard for review of Reports). Hutchinson concludes by stating that he

> filed suit in the state court within the three year [statute] of limitations on December 9, 2011. Therefore stating Plaintiff['s] complaints [were] made clear in the history of the case and summary of events of the facts of the case. I the Plaintiff humbly and respectfully move the courts to continue Plaintiff['s] case and that Plaintiff['s] complaint be decided by a jury of taxpaying citizens[.]

Dkt. No. 31 at 6 (capitalization modified).

Hutchinson's references to the Fourteenth Amendment and rights guaranteed by that amendment do not provide any basis for relief against K-Mart as it is a private entity, not a state or subdivision of a state. To the extent the references are directed to this judicial proceeding, Hutchinson's argument is also unavailing. Hutchinson has not been treated differently than any other litigant under similar circumstances and has been provided a full and fair opportunity to present his case in accordance with the rules of this court.[2] Thus, Hutchinson's constitutionally-based arguments

---

[2] For purposes of this discussion, the court assumes Hutchinson relies on the Fifth, rather than the Fourteenth Amendment with respect to any argument directed to this judicial proceeding. This is because the Fifth Amendment is directed to the federal government while the Fourteenth Amendment is directed to the states and their political subdivisions.

do not suggest any reason why his federal claim should not be dismissed.

The most relevant portion of Hutchinson's objection is in his concluding statement which confirms his continued reliance on a three-year statute of limitations under South Carolina law.[3] This reliance is misplaced with respect to Hutchinson's federal claim for reasons explained in the Report. *See* Dkt. No. 27 at 3 (noting "Title VII provides a ninety-day limitations period within which to file suit after receiving a right to sue letter" which "Hutchinson acknowledges . . . was mailed to him on January 6, 2010[,]" thus this action was filed "twenty months late").

Having fully considered Hutchinson's objection to the recommended dismissal of his federal claim, the court finds it to be without merit. The court, therefore, adopts the Report's recommendation that Hutchinson's Title VII claim be dismissed for the reasons set forth by the Magistrate Judge.

## II.     K-Mart's Objection

K-Mart objects to the recommended remand of any state-law claim(s) which may be asserted in Hutchinson's complaint.[4] K-Mart argues that any such claim is barred by the applicable statute

---

[3] In his memorandum in response to K-Mart's motion to dismiss, Hutchinson cites to and relies on S.C. Code § 15-3-530(5), which sets a three-year limitation period for certain personal injury claims. Hutchinson argues that this limitations period applies to any claims he might assert because they involve "injury to the person or rights of another." *See* Dkt. No. 17 at 2 (response to K-Mart's motion to dismiss). Hutchinson continues his reliance on a three-year statute of limitations in his objection, although he does not cite any statutory authority. Dkt. No. 31 at 6.

[4] Despite his reliance on a South Carolina statute of limitations, Hutchinson has not identified any specific state law basis for his complaint. His arguments also suggest he is relying solely on federal law for his substantive claims. For example, in his response to K-Mart's motion to dismiss, Hutchinson states that he is seeking relief under "Title VII, the Americans with Disabilities Act, the Genetic Information Non-Discrimination Act, or the Age Discrimination in Employment Act." Dkt. No. 17 at 2. Thus, it is not at all clear that Hutchinson is asserting a state law claim. Moreover, several of the referenced federal laws could not be implicated by the complaint, which alleges only that Hutchinson was terminated in retaliation for a complaint of sexual harassment or because of his race or for both reasons.

of limitations based on Hutchinson's own allegations because the only state law claim arguably supported by the complaint is an action under S.C. Code. Ann. § 1-13-10 *et seq.*, which is the state law comparable to Title VII. As K-Mart notes, such an action must be commenced, at the latest, within one year after the event to which the claim is directed. *See* Dkt. No. 30 at 5 (discussing S.C. Code Ann. § 1-13-90(a), (d)(6)).[5]

As noted above, Hutchinson alleges he was terminated on December 10, 2008, but he did not file this action until December 9, 2011. This is obviously more than one year after the complained of termination. Thus, to the extent Hutchinson is asserting a state-law claim, the basis of the claim would appear to be the statute most comparable to Title VII, S.C. Code Ann. § 1-13-10 *et seq.*, which claim would be clearly time-barred.

The court agrees that it would not be in the interest of judicial economy and would be unfair to the parties to remand this case to state court when it is clear that any state-law claim arguably suggested by the complaint is time-barred. The court, therefore, declines to adopt the Report's

---

[5] As with Title VII, South Carolina law requires employees to exhaust administrative remedies before filing a civil action. *See* S.C. Code § 1-13-90(a) (requiring charge be filed with the State Human Affairs Commission ("SHAC") within 180 days of the alleged discriminatory event). Any civil action must be filed "within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurred earlier[.]" S.C. Code Ann. § 1-13-90(d)(6) (allowing private action in equity under specified circumstances).

Hutchinson has not provided proof that he filed a claim with SHAC. He did, however, attach a right to sue letter from the EEOC to his memorandum in opposition to K-Mart's motion to dismiss. Dkt. No. 17-1 (response to motion to dismiss). That letter, mailed January 6, 2010, stated that the EEOC was "closing its file" because "[t]he EEOC has adopted the findings of the state or local fair employment agency that investigated this charge." *Id.* Thus, it may support an inference that Hutchinson did file a charge with SHAC. Unfortunately for Hutchinson, it also suggests that SHAC dismissed Hutchinson's charge on or before January 6, 2010, making the claim untimely for failing to file it within 120 days of that dismissal. Even without that inference, any claim under Section 1-13-90(d)(6) is untimely because this action was not filed "within one year from the date of the violation alleged."

5

recommendation that the court remand any state-law claim which may be alleged in the complaint. Instead, the court grants K-Mart's motion and dismisses the only state law claim which might reasonably be inferred, a claim under S.C. Code § 1-13-10 *et seq.*[6]

## CONCLUSION

For the reasons set forth above, K-Mart's motion to dismiss is granted in full and this matter is dismissed with prejudice.

IT IS SO ORDERED.

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 29, 2012

---

[6] While the court concludes that, under the circumstances presented here, it should exercise its discretion to resolve any state law claim which may be asserted, it does not agree with K-Mart that failure to address the state law claim would be an abuse of discretion. In this regard, the court finds K-Mart's reliance on *Ketema v. Midwest Stamping, Inc.*, 180 Fed. Appx. 427 (4th Cir. 2006) misplaced. In *Ketema*, the Fourth Circuit found that a district court abused its discretion by dismissing plaintiff's state law claims after resolving the federal claims where (1) the action had been pending for over four years, (2) discovery was complete, (3) the matter would need to be refiled in state court which would cause all parties to incur additional costs, and (4) the statute of limitations had run while the matter was pending in federal court. In this case, (1) the motion to dismiss was filed and the Report recommended it be granted as to the federal claim very early in the proceedings, (2) little if any discovery has been completed, (3) the matter would be remanded to, rather than refiled in, state court, thus minimizing costs, and (4) remand would not raise any statute of limitations concerns as no new action would be instituted.